UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

OLIVER WEST,

                      Plaintiff,

           v.

LORRAINE SANCHEZ,

                      Defendant.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-2482 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Oliver West, proceeding *pro se*, filed the above-captioned action against Defendant Lorraine Sanchez on April 18, 2017, alleging that Defendant caused him to contract a sexually transmitted disease. (Compl., Docket Entry No. 1.) The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum and Order. For the reasons discussed below, the Court dismisses the Complaint.

**I. Background**

The Court assumes the truth of the facts set forth in the Complaint for the purpose of this Memorandum and Order. Plaintiff alleges that Defendant infected him with a sexually transmitted disease after the two engaged in sexual intercourse in 2006. (Compl. at 5.)[1] Plaintiff states that he "know[s] that the defendant is responsible for [his] contracting the disease because [he] tested positive for the virus a few years afterwards," but he was not informed of his test results at that time because he failed to make the follow-up appointment with his physician. (*Id.*

---

[1] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the electronic document filing system (ECF).

at 7.) Plaintiff first learned that he had the disease in 2016. (*Id.*) Plaintiff alleges that Defendant's actions have "irrevocably changed [his] life" and that he "will be forced to be on daily medication, physical pain and psychiatric care . . . some of which will incur costs." (*Id.* at 5.) Plaintiff and Defendant both live in New York. (*Id.* at 2.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp.*

*v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

b.  **The Court lacks subject matter jurisdiction**

The Court lacks subject matter jurisdiction over the allegations and therefore dismisses the Complaint.

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

Here, Plaintiff fails to show that the Court has subject matter jurisdiction. Even though Plaintiff invokes the Court's federal-question jurisdiction, (*see* Compl. at 4), Plaintiff has not identified any federal statutes, treaties or constitutional rights at issue in this case. Nor does he

3

state any facts to support any such claim. *See S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) (holding that a claim invoking federal question jurisdiction under 28 U.S.C. § 1331 may be dismissed for want of subject matter jurisdiction if it is not colorable, *i.e.*, if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous" (citations omitted)). Rather, Plaintiff's allegations appear to amount to a state-law personal injury claim. *See, e.g.*, *Plaza v. Estate of Wisser*, 626 N.Y.S.2d 446, 451 (App. Div. 1995) (toxic tort based on transmission of HIV virus); *Schenk v. Devall*, 613 N.Y.S.2d 478, 469 (App. Div. 1994) (negligence and constructive fraud based on sexually transmitted infection).

Similarly, the Complaint does not provide a basis for the Court to exercise its diversity jurisdiction because Plaintiff has not asserted facts to demonstrate complete diversity of citizenship between himself and Defendant. *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants." (citation omitted)); *St. Paul Fire and Marine Ins. Co. v. Univ. Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." (citation omitted)). Based on the addresses of Plaintiff and Defendant as identified in the Complaint, complete diversity is lacking. Both Plaintiff and Defendant are located in New York. (Compl. at 2.) Accordingly, because Plaintiff and Defendant are not diverse, the Court cannot exercise diversity jurisdiction. *See Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction.")

Because Plaintiff fails to allege facts from which the Court can conclude that it has

4

jurisdiction, the Court dismisses the Complaint. *See* 28 U.S.C. § 1915(e)(2)(b); Fed. R. Civ. P. 12(h)(3).

### III. Conclusion

Accordingly, the Court dismisses the Complaint for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(b); Fed. R. Civ. P. 12(h)(3). Because the Court lacks subject matter jurisdiction over Plaintiff's claim, any amendment to the Complaint would be futile. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: May 1, 2017
      Brooklyn, New York